ry minimum of fifteen years and a maximum of life imprisonment, id. § 924(e). The Guidelines provide that when the ACCA applies and the defendant's guideline offense level is not otherwise greater, then the defendant's base offense level is 33. USSG § 4B1.4(b)(3)(B). But if the defendant used or possessed the firearm in connection with a "crime of violence" or "controlled substance offense," as defined in USSG § 4B1.2, his base offense level is 34. Id. § 4B1.4(b)(3)(A). And under Section 4B1.4(c), if the firearm was used or possessed in connection with a crime of violence or controlled substance offense, then a criminal history category of VI applies. See id. § 4B1.4(c)(2).

Although the presentence investigation report adopted by the district court did calculate Chisholm's guideline range under the Drug Quantity Table, that calculation was superseded by the ACCA's base offense level of 34 under Section 4B1.4. The district court is not authorized to reduce a sentence under § 3582(c)(2) where a retroactive Guidelines Amendment does not change the guideline range that was the basis for the defendant's sentence. United States v. Thomas, 545 F.3d 1300, 1302 (11th Cir. 2008) (per curiam). Because Amendment 782 made no change in Chisholm's guideline range, the district court correctly found that he was not eligible for a sentence reduction. We therefore affirm the district court.

**AFFIRMED.**

Timothy Jarrod COLBURN,
Plaintiff - Appellant,

v.

Blair HUDDLESTON, individually and in his official capacity, John Mark Tirey, individually and in his official capacity as Sheriff and as supervisor for Blair Huddleston, Defendants - Appellees.

Joseph Anthony Elliott,
Plaintiff-Appellant,

v.

Blair Huddleston, individually and in his official capacity, John Mark Tirey, individually and in his official capacity as Sheriff and as supervisor for Blair Huddleston, Defendants - Appellees.

David Edward Rhodes, Plaintiff - Appellant,

v.

Blair Huddleston, individually and in his official capacity, John Mark Tirey, individually and in his official capacity as Sheriff and as supervisor for Blair Huddleston, Defendants - Appellees.

Daniel Rudolph Cassels, Jr.,
Plaintiff - Appellant,

v.

Blair Huddleston, individually and in his official capacity, John Mark Tirey, individually and in his official capacity as Sheriff and as supervisor for Blair Huddleston, Defendants - Appellees.

Todd Michael Harrison, Plaintiff - Appellant,

v.

Blair Huddleston, individually and in his official capacity, John Mark Tirey, individually and in his official capacity as Sheriff and as supervisor for Blair Huddleston, Defendants - Appellees.

No. 15-12882

United States Court of Appeals, Eleventh Circuit.

Date Filed: 11/17/2016

Thomas Lavon Carmichael, Russell Lee England, Lisa Marie Ivey, Law Offices of Lisa M. Ivey, Jasper, AL, for Appellants.

Fred Lee Clements, Jr., Webb & Eley, PC, Montgomery, AL, for Appellees.

Before TJOFLAT and HULL, Circuit Judges, and BYRON,* District Judge.

PER CURIAM:

After oral argument and consideration of the parties' briefs, we find no merit in the argument that the district court erred in granting the appellees qualified immunity in this case.

AFFIRMED.

* Honorable Paul G. Byron, United States District Judge, Middle District of Florida, sitting

UNITED STATES of America, Plaintiff-Appellee,

v.

Rondell Scott HEDRICK, Defendants-Appellants.

No. 15-14083
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

Date Filed: 11/21/2016

William A. Glaser, U.S. Department of Justice, Washington, DC, for Plaintiff-Appellee.

Stephen John Langs, Federal Public Defender's Office, Orlando, FL, for Defendant-Appellant.

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Stephen J. Langs, appointed counsel for Rondell Scott Hedrick in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of Hedrick's appeal is correct. Because inde-

by designation.